R. D. AND LOUISE WALLACE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wallace v. Commissioner
Docket No. 9013-89
United States Tax Court
T.C. Memo 1991-378; 1991 Tax Ct. Memo LEXIS 443; 62 T.C.M. (CCH) 416; T.C.M. (RIA) 91378; August 12, 1991, Filed *443 Decision will be entered under Rule 155. R. D. and Louise Wallace, pro se. Anthony S. Gasaway, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM OPINION This case was heard pursuant to section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined a deficiency of $ 3,606 in petitioners' 1985 Federal income tax and additions to tax of $ 180 under section 6653(a)(1) and 50 percent of the interest due on the deficiency under section 6653(a)(2). The issues for decision are (1) whether petitioners are entitled to a theft loss deduction under section 165(a) in excess of an amount conceded by respondent at trial, and (2) petitioners' liability for the additions to tax for negligence under section 6653(a). An adjustment to medical expenses is computational in nature and will be resolved by decision *444 of the first issue. Some of the facts were stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by reference. At the time the petition was filed, petitioners resided at Poplar Bluff, Missouri. Petitioners operated a gun repair and sales shop. Petitioner R. D. Wallace was a gunsmith and, as part of the trade or business, custom-made guns and firearms. On Schedule C of their 1985 income tax return, petitioners reported no income from their activity and claimed deductions totaling $ 14,674. The deductions claimed included $ 14,211 for the loss of business tools and equipment arising out of a burglary. In the notice of deficiency, respondent disallowed the $ 14,211 for lack of substantiation. At trial, counsel for respondent agreed that petitioners had in fact sustained a casualty loss as the result of a burglary and conceded a casualty loss of property of $ 1,631. Petitioners submitted a copy of the police report of their burglary, which included a partial list of the items stolen and the notation "$ 9,000 to $ 12,000." Petitioners also introduced a more detailed list of tools and equipment lost in the theft, with their estimate *445 of the cost of each item based upon catalog prices for similar items during the years the equipment and tools were purchased. Petitioners had no records of the actual cost of their property and testified that all of their records pertaining to their business had been lost in the theft of a safe at a time prior to the theft of the equipment in question. Further, in many instances, it appears that petitioners never had receipts for some of the equipment which had been purchased used from private individuals for cash. Some of the equipment had been depreciated on petitioners' income tax returns for prior years, and, for some items, the amounts claimed as the theft loss exceeded the basis upon which depreciation had been claimed in prior years. Petitioners had no insurance on the business assets that were stolen. Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 1.165-8(c), Income Tax Regs., provides that the amount of a theft loss shall be determined consistently with the manner prescribed in section 1.165-7(b)(1), Income Tax Regs., [2] with the fair market value of the property immediately *446 after the theft considered to be zero. Thus, under the regulations, the amount of theft loss to be taken into account for purposes of section 165(a) is the adjusted basis of trade or business property. Under section 1.1011-1, Income Tax Regs., adjusted basis is the cost or other basis of property under section 1012, adjusted to reflect allowable deductions for depreciation under section 1016. *447 As noted earlier, respondent acknowledged that petitioners incurred a loss of property as the result of a burglary. The Court finds that the property lost was business property. However, respondent contends that petitioners' allowable theft loss deduction is limited to $ 1,631 (the adjusted basis of the property conceded at trial by respondent) because petitioners have not established that the adjusted basis for their lost property was in excess of that amount. Petitioners have the burden of establishing the adjusted basis of the property. Rule 142; Millsap v. Commissioner, 46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968). Petitioners did not establish that the adjusted basis of their lost assets exceeded the adjusted basis conceded by respondent at trial. Accordingly, the Court holds that petitioners are entitled to a deduction for a theft loss of business property in the amount of $ 1,631. The remaining issue is petitioners' liability for the additions to tax for negligence under section 6653(a)(1) and (2). Section 6653(a)(1) provides an addition to tax for negligence or intentional disregard of rules or regulations. Section *448 6653(a)(2) provides an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The Commissioner's determination is presumptively correct and will be upheld unless the taxpayers are able to rebut the presumption by showing they used due care. See Reily v. Commissioner, 53 T.C. 8 (1969). The Court finds that petitioners negligently or intentionally disregarded rules or regulations in claiming as a casualty loss amounts for some of their property which exceeded the basis upon which this same property had been reported on prior returns for depreciation purposes. Therefore, the Court holds that respondent's determinations with respect to the additions to tax under section 6653(a)(1) and (2) are sustained. To reflect respondent's concession, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 1.165-7(b)(1), Income Tax Regs., provides as a general rule that the loss for purposes of section 165(a) shall be the lesser of (i) the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) the amount of the adjusted basis prescribed in section 1.1011-1, Income Tax Regs.↩, for determining the loss from the sale or other disposition of the property. If the property is used in a trade or business and totally destroyed by the casualty, and the fair market value of the property is less than the adjusted basis of the property, the amount of the adjusted basis shall be treated as the amount of the loss.